UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:20-cr-40-Oc-28PRL

JOSEPH SAMUEL CATALANO

**UNITED STATES' NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by and through its undersigned Assistant United States Attorney, states as follows:

A. **MAXIMUM PENALTIES**

The defendant has expressed a desire to enter a plea of guilty to the offense charged in Count Two of the Indictment. Count Two charges the defendant with making a materially false statement to a federal agency, in violation of 18 U.S.C. § 1001(a)(2). Count Two carries a maximum sentence of up to 5 years imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

A violation of the terms and conditions of supervised release carries a maximum sentence of up to 2 years of imprisonment, as well as the possibility of an additional term of supervised release.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community.

B. **ELEMENTS OF THE OFFENSE**

The elements of an offense in violation of 18 U.S.C. § 1001(a)(2) are:

First: The Defendant made the statement, as charged;

Second: The statement was false;

Third: The falsity concerned a material matter;

Fourth: The Defendant acted willfully, knowing that the statement was false; and

Fifth: The false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

C. **PERSONALIZATION OF ELEMENTS**

1. Do you admit that on January 31, 2020, in the Middle District of Florida, in substance, you represented that Christina Lynn Catalano lived in a travel trailer that was destroyed by Hurricane Irma?

2. Do you admit that such statement was false?

3. Do you admit that such statement concerned a material matter?

2

  4. Do you admit that you acted willfully, knowing that the statement was false?

  5. Do you admit that the statement was made to an agent of the Department of Homeland Security, Office of Inspector General, in a matter within the jurisdiction of a department of the United States?

### D. **FACTUAL BASIS**

On January 31, 2020, JOSEPH SAMUEL CATALANO, the defendant, was present during an interview of his wife, Christina Lynn Catalano, by a special agent of the Department of Homeland Security – Office of Inspector General DHS-OIG), an agency or department of the United States. The investigation of Christina Lynn Catalano involved a scheme to defraud the United States Federal Emergency Management Agency (FEMA), and therefore within the jurisdiction of DHS-OIG.

During the interview, the defendant represented, in substance, that his wife Christina lived in a travel trailer in Citrus County[1] that was destroyed by Hurricane Irma. This statement was false because JOSEPH SAMUEL CATALANO knew, then and there, that no such travel trailer existed, that Christina Lynn Catalano did not live in a travel trailer at the time she

---

[1] Citrus County is located within the Middle District of Florida.

3

submitted her disaster assistance application, and that the alleged travel trailer was not destroyed by Hurricane Irma. The claim regarding the trailer was fabricated in order to defraud the United States of emergency funding through FEMA. JOSEPH SAMUEL CATALANO made these fraudulent statements and representations in order to conceal the fraud perpetrated by his wife against the United States, which was being investigated by DHS-OIG.

Therefore, the defendant knowingly and willfully made these false statements about a material matter in the investigation by DHS-OIG.

                              MARIA CHAPA LOPEZ
                              United States Attorney

By:   */s/ Michael P. Felicetta*
       Michael P. Felicetta
       Assistant United States Attorney
       Florida Bar No. 094468
       35 SE 1st Avenue, Suite 300
       Ocala, Florida 34471
       Telephone: (352) 547-3600
       E-mail: michael.felicetta@usdoj.gov

U.S. v. Joseph Samuel Catalano                  Case No. 5:20-cr-40-Oc-28PRL

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mark Rosenblum, Esquire
    Assistant Federal Public Defender

    Michael William Nielsen, Esquire

                              By:   */s/ Michael P. Felicetta*
                                      Michael P. Felicetta
                                      Assistant United States Attorney
                                      Florida Bar No. 094468
                                      35 SE 1st Avenue, Suite 300
                                      Ocala, Florida 34471
                                      Telephone:  (352) 547-3600
                                      Facsimile:   (352) 547-3623
                                      E-mail:      michael.felicetta@usdoj.gov